Scott A. Whittington
P. O. Box 2147
Woodland, Washington 98674-0020
*In Propria Persona*

_____ FILED _____ LODGED
_____ RECEIVED
MAR 26 2013
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                     DEPUTY

# United States district court[1]
# Western District (sic) of Washington

In re: Third Party Summonses:

Scott A. Whittington,

 Complainant,

  v.

United States Government; and,
Internal Revenue Service; and,
Internal Revenue Agent Daniel Erickson, *aka*
#0964243; and, Group Manager John Doe[2]
(of unidentified "Group"),

 Respondents.

Case # C13-5224RBL

Petition to Quash Third
Party Summons



13-CV-05224-CMP

I. Comes now Scott A. Whittington, as a Private Citizen of Washington; and, pursuant to the INTERNAL REVENUE CODE, 26 USC §§ 7609(b)(2) and 7603, and hereby move this court to quash the administrative summonses issued by Daniel Erickson, employee #0964243 of the Internal Revenue Service, an agency of the federal government, "In the Matter of Scott A. Whittington" (sic), to:

 A. "Mortgage Service Center, Attn: Custodian of Records" (sic), at, "1 Mortgage Way, Mount Laurel, New Jersey 08054"; (sic)

---

[1] As specified in Form 2039 (Rev. 12-2008) Catalog Number 21405J.
[2] Illegible signature. To be corrected upon identification..

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash Third Party Summons re Mortgage
Page 1 of 5

on the 6th day of March, 2013, purportedly pertaining to "Calendar Years: 2010 & 2011".

II. This court has jurisdiction pursuant to the above referenced Public Law, and U.S. Code sections.

III. This petition is supported by the AFFIDAVIT of Private Citizen Scott A. Whittington to be filed forthwith.

## MEMORANDUM OF POINTS AND AUTHORITIES

IV. FACTUAL BACKGROUND

On or about 12 March, 2013, I, Scott A. Whittington, of Washington, received the documents identified herein, dated the 6th day of March, 2013, consisting of a Form 2039 summons "In the matter of: Scott A. Whittington" apparently issued and signed by a Daniel Erickson, identified thereupon as an Internal Revenue Agent #0964243, believed to be an employee of the Internal Revenue Service, an agency of the federal government, business address 100 SW Main St., Suite 1200, Portland, Oregon, and bearing an illegible signature of a purported IRS group manager, (presently identified as "John Doe"), seeking:

> "Records relative to financial transactions for Scott Whittington.
> "Such records to include but not limited to all records relative to the financing of real estate at 131 Jackrabbit Road Woodland, WA 98674. Any other financing records of property to, for or associated with Scott Whittington. Records to include purchase and sales agreements, receipts issued for down payments, deposits, or other exchange of funds, copies of any checks, closing sheets, all correspondence, papers, or other files relating to financing, sales, and/or purchases.
> Mortgage records relative to the purchase of the property, refinancing, lines of credit, and any other mortgages or loans. Such records to include applications, financial statements, the mortgages, loan contracts or note, checks issued for loans, repayment records revealing the date, amount and method of repayment (cash or check), the annual amount of interest paid, loan application, and any correspondence or other records relative to these loans.
> RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media on compact disk, whenever available. A record layout for the data is also requested. The record layout should specify the type of information provided and actual electronic file name. Each type of information should be recorded in a separate document; however, multiple dates may be included in the same file. The record

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash Third Party Summons re Mortgage
Page 2 of 5

layout should be placed in the same order as the information listed above."

## ERICKSON/DOE FAILED TO COMPLY WITH PROVISIONS OF INTERNAL REVENUE CODE GOVERNING THIRD PARTY SUMMONSES

V.  Third Party Summonses...

    A.  ...are authorized under 26 U.S.C. § 7609.

    B.  Pursuant to 26 U.S.C. § 7609(a):

> "...notice of the summons shall be given to any person so identified [therein] within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined."

    C.  Said "Daniel Erickson" failed to comply with the mandatory requirement of 26 U.S.C. § 7609(a), by failure to notify "within 3 days of the day on which such service is made."

## ERICKSON'S SUMMONSES FAIL TO MEET "POWELL" REQUIREMENTS

VI.  To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48, 57-58 (1964).

<u>Erickson's Third Party Summonses fail to meet Powell's "Legitimate Purpose" Test</u>

VII.  Erickson is the latest of a string of IRS employees who have "sought records" for years. The instant summons, purporting to be in respect of "Calendar Year(s) 2010 and 2011", is intended to oppress Petitioner under color of law, in violation of 26 U.S.C. § 7214(a).

VIII.  Further, Erickson unlawfully seeks records both preceding, and succeeding, the "periods" identified in the third-party summonses, e.g., "2010 and 2011".

IX.  Erickson's Third Party Summons fails to meet Powell's "Legitimate Purpose" Test, and should be quashed.

<u>Erickson's Third Party Summonses fail to meet Powell's "Relevancy" Test</u>

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash Third Party Summons re Mortgage
Page 3 of 5

X.  The allegations contained in paragraphs 1-IX, above, are restated, and incorporated as if fully set forth herein.

XI. No "relevancy" to any "legitimate purpose" may reasonably be found in which an "administrative" summons intended to oppress Petitioner under color of law, in violation of 26 U.S.C. § 7214(a).

XII. No "relevancy" to any "legitimate purpose" may reasonably be found in which an "administrative" summons for records relating to a "John Doe" (sic) entity, a separate *"person"* 26 U.S.C. § 7701(a)(1) in respect of which Erickson apparently has no knowledge, only to produce evidence relating to Scott A. Whittington.

XIII. No "relevancy" to any "legitimate purpose" may reasonably be found in which an "administrative" summons unlawfully seeks records both preceding, and succeeding, the "periods" identified in the third-party summonses, e.g., "2010 and 2011".

XIV. Erickson's Third Party Summonses fail to meet Powell's "Relevancy" test, and should be quashed.

Erickson's Third Party Summons fails to meet Powell's "Satisfies All Administrative Steps" Test

XV. See: ¶ V, above.

XVI. As stated in IRM 25.5.7.5(1),

> "Before a John Doe summons can be served, it **must** be approved for service by a district court in an ex parte proceeding (The Service can never serve a "friendly" John Doe summons without obtaining court approval. Doing so will violate IRC § 7609 and jeopardize the investigation."
> (emphases in original)

XVII. Erickson has, as demonstrated upon the face of the summons, and its attachment, failed to obtain *ex parte* court approval for his John Doe summons.

XVIII. Erickson's Third Party Summonses fail to meet Powell's "Satisfies All Administrative Steps" test, and should be quashed.

Erickson's Third Party Summonses fail to comply with the Congressional mandates imposed by the Right to Financial Privacy Act

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash Third Party Summons re Mortgage
Page 4 of 5

XIX. Based upon Exhibit A, and ¶¶ VII thru XIV, above, Erickson's Third Party Summonses fail to comply with the *Congressional mandates* imposed by the Right to Financial Privacy Act[3], P. L. 95-630, Title XI, § 1101, 92 Stat. 3697 (Nov. 10, 1978), as amended.

XX. Pursuant to the key provision of the Act, specifically, § 1102, codified as 12 USC § 3402,

> "Except as provided by section 1103(c) or (d), 1113, or 1114 [12 USCS §§ 3403(c), (d), 3413, 3414], no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution *unless the financial records are reasonably described* and—
>
> \*\*\*
>
> "(2) Such financial records are disclosed in response to an administrative subpoena or *summons which meets the requirements of section 1105* [12 USCS § 3405];"

XXI. Erickson's failure to demonstrate legitimate purpose or relevancy under Powell is a failure to *"reasonably describe… the financial records"* 12 USC § 3402 he seeks - failing Powell's tests, rendering his third party summonses ineligible for the exception under 12 USCS § 3413.

### CONCLUSION; and DEMAND FOR RELIEF

Based on the foregoing, and on the AFFIDAVIT to be filed forthwith, I, Scott A. Whittington, respectfully demand that the subject administrative summonses be quashed, and that

> "Mortgage Service Center, Attn: Custodian of Records" (sic), at, "1 Mortgage Way, Mount Laurel, New Jersey 08054"; (sic)

be enjoined from complying with the aforementioned summonses.

Entered this _26TH_ day of March, 2013.

/s/ Scott A. Whittington

Scott A. Whittington

---

[3] Identified herein as, "RFPA", or "Act".

Private Citizen Scott A. Whittington v. IRS, et al
Petition to Quash Third Party Summons re Mortgage
Page 5 of 5



# Summons

In the matter of  Scott A. Whittington
Internal Revenue Service (Division):  Small Business/Self Employed Division
Industry/Area (name or number):  Western Examination Area
Periods:  Calendar Years: 2010 & 2011

## The Commissioner of Internal Revenue

To: Mortgage Service Center, Attn: Custodian of Records

At: 1 Mortgage Way, Mount Laurel, New Jersey 08054

You are hereby summoned and required to appear before  Revenue Agent Daniel Erickson, ID #0964243, or designated alternate. an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

In lieu of personal appearance, the information may be mailed to the address shown below.

See attached summons rider.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
Internal Revenue Service, M/S 0142-DE, 100 SW Main St., Suite 1200, Portland, OR 97204     Phone (503) 415-7151

**Place and time for appearance at**  Internal Revenue Service, 100 SW Main St., Suite 1200, Portland, OR 97204

**IRS**  on the __5th__ day of __April__ __2013__ at __8:00__ o'clock __a.__ m.
Issued under authority of the Internal Revenue Code this __6th__ day of __March__, __2013__.

Department of the Treasury
Internal Revenue Service

_Daniel Erickson_
Signature of issuing officer

Internal Revenue Agent
Title

www.irs.gov

Signature of approving officer (if applicable)

Acting Group Manager
Title

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

Part C — to be given to noticee



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -
    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
    (3) Exceptions. - This subsection shall not apply-
        (A) to any contact which the taxpayer has authorized,
        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
        (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-
    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
    (2) Justice Department referral in effect. - For purposes of this subsection-
        (A) In general. - A Justice Department referral is in effect with respect to any person if-
            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
        (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-
            (i) the Attorney General notifies the Secretary, in writing, that -
                (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
                (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
                (III) he will discontinue such a grand jury investigation.
            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -
    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -
        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));
        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
        (C) Any person extending credit through the use of credit cards or similar devices;
        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
        (E) any attorney;
        (F) any accountant;
        (G) any barter exchange (as defined in section 6045(c)(3));
        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
        (I) any enrolled agent; and
        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

\* \* \* \* \*

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -
    (1) fees and mileage to persons who are summoned to appear before the Secretary, and
    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -
    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

**To:** Scott A. Whittington  **Date:** 3/6/2013

**Address:** PO Box 2147, Woodland, WA 98674

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

**Part D — to be given to noticee**

## Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause; or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

ATTACHMENT TO SUMMONS ISSUED TO: Mortgage Service Center

FOR THE YEARS: 2010 -2011

Records relative to financial transactions for Scott Whittington.

Such records to include but not limited to all records relative to the financing of real estate at 131 Jackrabbit Road Woodland, WA 98674.

Any other financing records of property to, for or associated with Scott Whittington.

Records to include purchase and sales agreements, receipts issued for down payments, deposits, or other exchange of funds, copies of any checks, closing sheets, all correspondence, papers, or other files relating to financing, sales, and/or purchases.

Mortgage records relative to the purchase of the property, refinancing, lines of credit, and any other mortgages or loans. Such records to include applications, financial statements, the mortgages, loan contracts or note, checks issued for loans, repayment records revealing the date, amount and method of repayment (cash or check), the annual amount of interest paid, loan application, and any correspondence or other records relative to these loans.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media on compact disk, whenever available. A record layout for the data is also requested. The record layout should specify the type of information provided and actual electronic file name. Each type of information should be recorded in a separate document; however, multiple dates may be included in the same file. The record layout should be placed in the same order as the information listed above.