Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Scott A. Whittington, ) | Civil No. 3:13-cv-5224-BHS |
| Petitioner, ) | |
| ) | **UNITED STATES' MOTION TO DISMISS** |
| v. ) | |
| ) | Note on calendar: June 14, 2013 |
| United States Government, et al. ) | |
| ) | |
| Respondents. ) | |

The United States of America, by and through its undersigned counsel, hereby submits its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and states as follows:

**Background**

On March 6, 2013, the Internal Revenue Service ("IRS") issued an administrative summons to Mortgage Service Center in furtherance of its examination of whether Petitioner owes taxes for the 2010 through 2011 tax years. (Declaration of IRS Revenue Agent Daniel Erickson ¶3.) The IRS also provided notice of this summons to Petitioner via certified mail on the same date. (*Id*. ¶3, Ex. 2.) Petitioner did not file individual income tax returns for the 2010 and 2011 income tax years. (*Id*. ¶2.)

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)                             - 1 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

Mortgage Service Center is located at 1 Mortgage Way, Mount Laurel, New Jersey 08054. (*Id.* ¶5.) It has no offices located in the State of Washington or this judicial district. According to the Washington Secretary of State's website, Mortgage Service Center is not registered to conduct business in the State of Washington. (*Id.*) It appears that a business called PHH Mortgage Corporation is also located at 1 Mortgage Way, Mount Laurel, New Jersey, which is the same address as Mortgage Service Center. (*Id.*) While PHH Mortgage Corporation is registered to do business in the State of Washington according to the Washington Secretary of State website, it does not list Mortgage Service Center as a name under which it conducts business. (*Id.*) Further, PHH Mortgage Corporation's website does not identify Mortgage Service Center as a name under which it conducts business. (*Id.*)

The summons to Mortgage Service Center seeks mortgage-related information pertaining to Petitioner Scott Whittington. (*Id.* ¶6.) This is because public records indicate that Petitioner owns and/or resides at 131 Jackrabbit Road, Woodland, Washington 98674. (*Id.*) Moreover, Mortgage Service Center has reported Form 1098 interest paid by Petitioner in the amounts of at least $10,277 and $9,936 for the 2010 and 2011 income tax years, respectively. It is likely that Petitioner's mortgage interest payments are connected to the Woodland property. In any event, the aim of the summons is to examine the lender's files to determine what, if any, representations Petitioner made to the lender concerning his income or lack thereof. The records could also reveal other income-generating activities that the IRS is not aware of or that Petitioner has not reported. (*Id.*)1/

Petitioner Scott A. Whittington (hereinafter, "Petitioner" or "Mr. Whittington") is under audit examination for the 2010 and 2011 tax years. (Erickson Decl. ¶2.) Petitioner has not filed income tax

---

1/ In the past, the IRS has issued a number of summonses in connection with this examination; Petitioner has unsuccessfully challenged each of them. *See Whittington v. Internal Revenue Service,* 3:10-mc-05016-BHS, at Dkt. # 10 (W.D. Wash. 2010) (dismissing summons challenge for lack of subject matter jurisdiction); *Whittington v. Internal Revenue Service*, 3:10-mc-05028-BHS, at Dkt. # 14 (W.D. Wash 2011) (dismissing summons challenge for lack of subject matter jurisdiction); *Whittington v. Internal Revenue Service*, 3:10-mc-05029-BHS, at Dkt. # 11 (2011) (dismissing summons challenge for lack of subject matter jurisdiction); *Whittington v. United States*, 3:11-cv-05410, at Dkt. # 11 (W.D. Wash. 2011) (enforcing summons issued to Fibre by dismissing petition).

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)                        - 2 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

returns for the 2010 and 2011 tax years. Moreover, Petitioner is not cooperating with the IRS's requests for information concerning the 2010 and 2011 tax years. (*See id.*)

Based upon information available to the IRS, it appears that Mr. Whittington is the 95% owner of a partnership, Seismic Support Services, that has no employees. This partnership has reported revenues of $149,201 and $133,965 for the 2010 and 2011 tax years, respectively. It also appears that the partnership is deducting almost all of its revenues for the 2010 and 2011 tax years as "management fees." (Erickson Decl.¶7.) This is important because typically the partnership's income would proportionately "flow through" to Mr. Whittington. *Gosnell v. United States*, 2011 WL 2559832, at *6 (D. Ariz. June 28, 2011) ("Individual partners are responsible for reporting their distributive share of the partnership's income, loss, deductions, and credits on their individual tax returns and for paying whatever amount of tax is due on their share.") As a result, it appears that Mr. Whittington is attempting to "cancel out" his individual income tax liability by virtue of his partnership paying him "management fees. Thus, despite being paid management fees by his partnership, Mr. Whittington appears to be recognizing income, but not individually reporting it or paying taxes on it. (Erickson Decl.¶7.)

On March 26, 2013, Petitioner filed the instant Petition to Quash. Generally, Petitioner argues that *Powell* factors have not been established inasmuch as the summons is illegitimate, the IRS failed to provide proper notice, and the summons was issued in violation of the Right to Financial Privacy Act. (*See* Pet. at Dkt. # 1.)

**Discussion**

As demonstrated below, the United States of America is the only proper party respondent to this summary proceeding. The IRS is not an entity subject to suit, and Petitioner cannot maintain this type of proceeding against individual IRS employees. The United States, therefore, should be substituted as the only proper party respondent. Moreover, Petitioner has failed to establish subject matter jurisdiction because he failed to give proper notice of this proceeding to the IRS. Additionally, Mortgage Service Center is not located in this judicial district and thus subject matter jurisdiction is lacking for this reason

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS) - 3 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

as well.  To the extent the Court seeks to determine the merits of the summons, the United States has established the four *Powell* factors: (1) the IRS examination is legitimate, (2) the inquiry into Fibre's banking records is relevant to the IRS's legitimate examination, (3) the banking information sought is not already possessed by the IRS, and (4) the administrative steps required by the Internal Revenue Code have been complied with.  Further, IRS summonses do not violate the Right to Financial Privacy Act.  As such, the Court should summarily deny the Petition.

### I.   The United States Should be Substituted as the Sole Proper Party Respondent.

Petitioner brings suit against the IRS and Revenue Agents Daniel Erickson and "Group Manager John Doe" in their official capacities.  (*See* Pet. at Dkt. # 1.)  However, (1) the IRS is not an entity subject to suit, *see, e.g.*, *Tekle v. United States*, 2002 WL 1988178, at *5 (C.D. Cal. Apr. 30, 2002), and (2) suits against federal officers acting in their official capacity are suits against the United States.  *See, e.g.*, *Smith v. Rossotte*, 250 F. Supp. 2d 1266, 1268 (D. Or. 2003) (citing *Dugan v. Rank*, 372 U.S. 609 (1963), and *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).)  *See also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against IRS employees is essentially a suit against the United States); *Tekle v. United States*, 2002 WL 1988178, at *5 (same).[2]  In fact, in at least two other similar proceedings, the Court has already ruled that Petitioner cannot seek to quash a summons against the United States and cannot maintain such a proceeding against the IRS or its individual employees.  *See Whittington v. United States*, 3:10-mc-05029-BHS, Dkt. # 11 (W.D. Wash. Mar. 10, 2011); *Whittington v. United States*, 3:10-mc-05028-BHS, Dkt. # 14 (W.D. Wash. Mar. 10, 2011).  As such, the United States should be substituted as the only proper party respondent.  *See, e.g.*, *Pilchesky v. United States*, 2008 WL 2550766, at *3 (M.D. Pa. June 23, 2008); *Radcliffe v. I.R.S.*, 2007 WL 1585573, at *3 (D. Colo. Feb. 6, 2007); *English v. Krubsack*, 371 F. Supp. 2d 1198, 1202-03 (E.D. Cal. 2005)

---

[2] Whittington's petition does not even seek relief from the individual Revenue Agents in any capacity; rather, it only seeks to quash the IRS summons.

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)                      - 4 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 514-9593

(individual agents are not proper respondents to in summary proceedings to quash summonses).3/

## II.  Mr. Whittington Failed to Provide Requisite Notice of the Petition.

Petitioner failed to timely provide the notice required by 26 U.S.C. § 7609(b)(2)(B), and the Court therefore lacks subject matter jurisdiction over the petition. Section 7609(b)(2)(B) requires a person beginning a proceeding to quash to "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct." Treasury Regulation 26 C.F.R. § 301.7609-4(b)(2) further provides:

> (2) Requirements for a proceeding to quash. To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person--
>
> (i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;
> (ii) Notify the Internal Revenue Service (IRS) by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy; and
> (iii) Notify the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person.

Finally, Treasury Regulation § 301.7609-4(b) provides:

> (3) Failure to give timely notice. If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation, alterations, and internal quotation marks omitted). "[L]imitations and conditions upon which the [United States] Government consents to be sued

---

3/ Nor was service upon the individual IRS agents proper per Federal Rule of Civil Procedure 4(i)(3). Here, Petitioner only served Revenue Agent Erickson by registered mail. (*See* Dkt. No. 3.)

U.S. Motion  
(Civ. No. 3:13-cv-05224-BHS) - 5 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957). Only if the procedural requirements of 26 U.S.C. § 7609(b)(2) have been strictly complied with has there been a waiver of sovereign immunity. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985) (procedural requirements of section 7609(b) are jurisdictional, and "the twenty-day limit must be strictly construed because it is a condition precedent to the waiver of sovereign immunity").

Here, Petitioner has not complied with the procedural requirements of Section 7609(b)(2)(B) because he failed to establish that he gave timely and proper notice of the Petition to the IRS. The IRS provided notice of the instant Mortgage Service Center summons to Petitioner on March 6, 2013 via certified mail. (Erickson Decl. ¶2, Ex. 2.) Thus, in order to comply with Section 7609(b)(2)(B), and provide notice of his Petition within the required twenty-day period, Petitioner must have notified the IRS by March 26, 2013. But, according to Petitioner's filings, he only provided notice to the IRS on April 8, 2013. (Dkt. #5, 8.) Accordingly, the Petition should be dismissed for lack of jurisdiction. *See, e.g.*, *Beam v. United States*, 90-2 U.S.T.C. 50,595 (D. Or. 1990), *aff'd*, 951 F.2d 358 (9th Cir. 1991) (district court lacked jurisdiction to entertain petition to quash when taxpayers failed to properly notify the record keeper of their petition pursuant to section 7609(b)(2)(B)); *Whittington v. United States*, 3:10-mc-05028-BHS, Dkt. # 14, at p. 3 (W.D. Wash. Mar. 10, 2011); *Fogelson v. United States*, 579 F. Supp. 573, 574 (D. Kan. 1983) (petition to quash dismissed where petitioner informed third-party record keepers of petition by telephone); *Yocum v. United States*, 586 F. Supp. 317 (N.D. Ind. 1984) (petition to quash dismissed where petitioners sent unregistered letter to bank informing bank a petition had been filed, but not enclosing copy of petition).

**III.     Mortgage Service Center is not found within this District.**

Section 7609(h) of the Internal Revenue Code provides that the district courts of the United States have jurisdiction over a summons proceeding only where the summoned party "resides or is found" in that district. In order to reside or be found in a district, the summoned party must generally

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)           - 6 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

maintain a branch office in that particular district.  *See Lee v. United States*, 2013 WL 1120781, at *1 (N.D.Cal. Mar. 18, 2013) (citing and discussing cases).  In this case, Petitioner makes no showing that Mortgage Service Center or its records are found within the Western District of Washington.  (Erickson Decl. ¶5.)  As noted above, Mortgage Service Center is not authorized to do business in the State of Washington, and it does not appear to be physically present in this district.  (*Id*.)  To the extent that PHH Mortgage appears related to Mortgage Service Center, the IRS did not issue a summons to PHH Mortgage.  Nor has Petitioner established that the records the IRS is seeking a found within this district.  Accordingly, the Petition should be dismissed for lack of subject matter jurisdiction on this basis as well.

### IV. The IRS Summons is Proper.

The Internal Revenue Code authorizes the IRS to investigate the potential tax liability of any person.  *See* 26 U.S.C. § 7601.  Under Section 7602(a) of the Internal Revenue Code, the IRS may summon books, records, and witnesses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability."  *Id.* § 7602(a).  "The summons power of the IRS is an investigative tool provided by Congress to enable the IRS to determine and assess all taxes due under the Internal Revenue Code."  *Belsby v. Comm'r*, 2004 WL 3168262, at *1 (E.D. Wash. Dec. 4, 2004).  Under Sections 7602 and 7609 of the Internal Revenue Code, the IRS may summon books and records in order to inquire into the liability of any person for any internal revenue tax.  Section 7602 gives the IRS "wide lattitude" in its summons power to make sure it obtains the information it requires for its "investigative purposes."  *Reiserer v. United States*, 229 F.R.D. 172, 175 (W.D. Wash. 2005), *aff'd*, 497 F.3d 1160 (9th Cir. 2007).

Under *United States v. Powell*, 379 U.S. 48, 57–58 (1964), IRS can defeat a petition to quash when the government presents a *prima facie* showing of good faith and the taxpayer fails to establish an

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)   - 7 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

adequate defense. The *prima facie* case involves showing "(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been followed." *Id. See also Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999); *Starn O'Toole Marcus & Fisher v. United States*, 2009 WL 975777 (D. Hawaii Apr. 9, 2009) (petition to quash). The government's burden of satisfying the *Powell* requirements is "a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal*, 172 F.3d at 1144 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *see also Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). Once the government has satisfied its slight burden of satisfying the *Powell* requirements, "those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [Internal Revenue] Service." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)). The burden is a heavy one, and to meet this burden, "the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Id.* (quoting *Jose*, 131 F.3d at 1328). *See also Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir. 2008) (IRS summons power "must be construed broadly").

Here, the IRS's examination is pursuant to a legitimate purpose: it is currently examining Petitioner's potential tax liability for the 2010 and 2011 tax years. *See, e.g.*, 26 U.S.C. §§ 7601, 7602(a) (authorizing summonses to examine potential tax liabilities). As explained above, the examination is justified because Petitioner did not file tax returns for those tax years, and may be failing to properly report income by routing it to himself via a potentially bogus partnership. (*See* Erickson Decl. ¶¶2, 7.) More specifically, this information may shed light on Petitioner's income. Petitioner appears to claim that he has no income and therefore is under no obligation to file income tax returns. But, the IRS should be allowed to examine and compare what, if any, income levels Petitioner reported to his mortgage company and why. Did Petitioner receive or maintain a mortgage with no income or business? Did

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)                     - 8 -

Petitioner potentially receive income from sources other than Seismic Support Services? (*See* Erickson Decl. ¶6; *see also, e.g.*, *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-14 (1984) (information sought by summons only needs to be potentially relevant).) According to the Declaration of Revenue Agent Erickson, the IRS is not in the possession of any information from Mortgage Service Center for the 2010 and 2011 tax years. (Erickson Decl. ¶9.) Additionally, the administrative steps required by the Internal Revenue Code have been followed: Revenue Agent Erickson served a copy of the summons upon Mortgage Service Center and Petitioner by certified mail on March 6, 2013. (Erickson Decl. ¶3-4, 11 & Ex. 2; *see also* 26 U.S.C. §§ 7609(a)(2), 7603(b); 26 C.F.R. § 301.7609-2(a)(2).) Lastly, no criminal referral from the IRS to the Department of Justice is in effect as defined by Section 7602(d)(2) of the Internal Revenue Code. (Erickson Decl. ¶10.)

### IV.   The Right to Financial Privacy Act does not apply.

The Right to Financial Privacy Act provides that: "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described" and "such financial records are disclosed in response to an administrative subpena or summons which meets the requirements of section 3405 of this title." 12 U.S.C. § 3402. But Section 3413(c) of the Right to Financial Privacy Act contains an important exception: "Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." As demonstrated above, the IRS summons was authorized in accordance with the procedures of 26 U.S.C. § 7609. *Lidas, Inc. v. United States*, 283 F.3d 1076, 1083 (9th Cir. 2001) ("Consistent with the plain meaning of this language, courts have consistently interpreted RFPA as exempting IRS summonses provided that the IRS followed appropriate Title 26 procedures."); *Whittington v. United States*, 3:11-cv-05410-BHS, Dkt. # 11 at p. 5 (W.D. Wash. Sept. 22, 2011) (holding that RFPA does not apply); *LeBeau v. Comm'r*, 2007 WL 1585175, at *2 (S.D. Cal. Apr. 2, 2007) (holding that IRS summonses are exempt from the Right to Financial Privacy Act). Therefore, Petitioner's reliance upon the Right to Financial Privacy Act to challenge the instant summons is

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)                  - 9 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

misplaced.

## Conclusion

For the reasons discussed above, (1) the United States should be substituted as the sole respondent, and (2) the instant petition to quash should be dismissed.

Respectfully submitted this 22nd day of May, 2013.

KATHRYN KENEALLY
Assistant Attorney General

/s Michael P. Hatzimichalis
MICHAEL P. HATZIMICHALIS
U.S. Department of Justice - Tax Division
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-1854
Fax: (202) 307-0054
Michael.P.Hatzimichalis@usdoj.gov

JENNY A. DURKAN
United States Attorney

*Attorneys for the United States of America*

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)          - 10 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on May 22, 2013, I electronically filed the foregoing **UNITED STATES' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, and, on the same date, I have mailed a copy of the foregoing by United States Postal Service to the following non-CM/ECF participants:

Scott A. Whittington
P.O. Box 2147
Woodland, Washington 98674-0020

Mortgage Service Center
1 Mortgage Way
Mount Laurel, New Jersey 08054
ATTN: Custodian of Records

                s/ Michael P. Hatzimichalis
                MICHAEL P. HATZIMICHALIS
                Trial Attorney, Tax Division
                U.S. Department of Justice

U.S. Motion
(Civ. No. 3:13-cv-05224-BHS)  - 11 -

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593